IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORTHWESTERN OHIO
ADMINISTRATORS, INC.,

                Plaintiff,                    Case No. 3:05 CV 7316

      -vs-

                                                     <u>MEMORANDUM OPINION</u>

PTX FLOORING, INC.,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff Northwestern Ohio Administrators, Inc.'s ("NOA") motion for summary judgment. (Doc. No. 37). Defendant PTX Flooring, Inc. ("PTX") has not filed an opposition. The Court has jurisdiction under § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (e, f), and 29 U.S.C. § 185(a). For the reasons below, Plaintiff's motion for summary judgment is granted. (Doc. No. 37).

**I. Background**

NOA alleges that it is authorized to collect monies owed to it from PTX under ERISA § 515, 29 U.S.C. § 1145 and ERISA § 502, 29 U.S.C. § 1132. The monies owed include delinquent payments resulting from a collective bargaining agreement ("Agreement") entered into by PTX and trade unions in the area of Local 7 of the International Brotherhood of Painters and Allied Trades. (Doc. No. 1, Exh A). The Agreement covers the periods of July 1, 2000 through June 30, 2004 and July 1, 2004 through June 30, 2008. *Id.*

Thomas Dayton, CPA, performed an audit of PTX's records. Using these audit results, Philip Smart determined the amount of contributions owed for the period of July 1, 2000 to June 30, 2004 by applying the applicable contribution rates for each unreported covered hour worked. (Doc. No. 37, Smart Aff. ¶10). The analysis showed that PTX was delinquent in the amount of $2,101.05

due to nonpayment of employee benefit contributions. *Id.* Pursuant to the Agreement, liquidated damages were assessed in the amount of $420.21. *Id.* The audit itself cost $2,166.55. *Id.* Further, NOA asks for interest pursuant to Section 6621 of the Internal Revenue Code, reasonable attorneys' fees and costs, and any other equitable relief as the Court would find appropriate. *Id.*

**II. Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position.

*Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

When a motion for summary judgment is unopposed, "in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence ... in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). Then, "[i]f such evidence supports a conclusion that there is no genuine issue of material fact, the trial court should determine that the moving party has carried its burden, and 'judgment [ ] shall be rendered forthwith.'" *Id*. (quoting Fed.R.Civ.P. 56(c)).

However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he [or she] has discharged [his or her initial] burden." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

**III. Discussion**

    **A. Liability**

Plaintiff NOA brings this action before the Court pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a):

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

NOA is petitioning the Court for relief based on ERISA §§ 502, 515 and 29 U.S.C. §§ 1132, 1145.

Under 29 U.S.C. § 1145:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

NOA asserts that PTX entered into an agreement that required PTX to pay into a fund in order to receive "health and welfare benefits, pension benefits, vacation pay, administrative, apprenticeship and promotional funds, and dues and assessments, in accordance with the applicable Collective Bargaining Agreements." (Doc. No. 1 pg. 2 ¶4). PTX was bound to report the number of hours employees worked for pay and then contribute $1.70 per hour to the pension fund. (Doc. No. 1, Exh A § 1(a)); (Doc. No. 7 pg. 3 ¶ 7). PTX has stipulated to the validity of the Agreement and related governing documents. (Doc. No. 7 pg. 3 ¶ 7). Moreover, PTX has also stipulated that the contract provisions speak for themselves in relating to the accounting of monies owed. (*Id*. at pg. 3 ¶ 8-10). Furthermore, in accordance with 29 U.S.C. § 1134 and the governing documents (Doc. No. 1, Exh A. Art. II § 32) NOA was authorized to audit PTX's payments for compliance with the Agreement.

PTX submits no evidence or argument to dispute NOA's claim that PTX failed to make payments from the period July 1, 2000 through June 30, 2004. After review of Plaintiff NOA's unopposed motion, including the evidence and affidavits attached therein, the Court concludes that

no issue of material fact exists to disprove Defendant PTX's liability. Plaintiff's motion for summary judgment is granted.

### B. Relief

Consistent with the audit and pursuant to ERISA § 502, 29 U.S.C. § 1132, NOA claims to be owed for the delinquent contributions, interest on the outstanding balance, liquidated damages, attorney fees and costs, and any other equitable relief. 29 U.S.C. 1132(g)(2) provides that:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan-(A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of-(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 USCS § 6621].

*See: Iron Workers' Local No. 25 Pension Fund v. Nyeholt Steel, Inc.*, 946 F.Supp. 514, 517 (6th Cir. 1996); *See also* 29 U.S.C. § 1132(g)(2).

#### 1. Delinquent Funds and Liquidated damages

The Agreement requires "participating employers to make, submit and pay, payroll information, data, and payments, respectively, not later than the 15th day of the month following the month during which the employees performed the work." (Doc. No. 37, Exh B § 1). If NOA receives the data and payments after the 15th day of the month, the employer is considered delinquent and liquidated damages are calculated in relation to the delinquent amount. (Doc. No. 37, Exh B § 2, 3). Liquidated damages are assessed at five percent (5%) of the total due for the first and second month. From the third month and all proceeding months the liquidated damages are

assessed at a rate of one percent (1%) per month. (Doc. No. 37, Exh B § 3). However, if legal proceedings are required to obtain the monies owed the employer's liability is subject to change in accordance with § 3(d) of the Agreement, which states:

> (d) Notwithstanding the foregoing liquidated damage assessments, if the Trustees and/or their Delinquency/Audit Subcommittee shall engage and authorize counsel to commence legal proceedings to effect collection of a delinquency, the Employer shall also pay to the Trustees the amount of any reasonable legal fees and court costs incurred by the Trustees to effect collection plus an amount equal to the greater of
> (i) interest at the then current Internal Revenue Service rate on the unpaid contributions accruing until date of final payment; or
> (ii) liquidated damages of twenty percent (20%) on the amount of the unpaid contributions.

(Doc. 37, Exh B § 3 (d)).

In this unopposed motion for summary judgment, after careful review the Court accepts the audit as true and finds that the amount of $2,101.05 is owed to NOA by PTX as delinquent contributions. Liquidated damages are assessed at $420.21. This amount does not exceed twenty percent (20%) of the contributions owed and thus the liquidated damages are valid pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii) and § 3(d) of the Agreement. Furthermore, the Court awards NOA the cost of the audit, $2,166.55 pursuant to the governing documents. (Doc. No. 1, Exh A. Art. II § 32).

### 2. Interest

As mandated by 29 U.S.C. § 1132(g), the Court also awards PTX interest at the rate determined by 26 U.S.C. § 6621 of the Internal Revenue Code per annum on the unpaid contributions due ( $2,101.05) and owing from April 1, 2001 until paid.

### 3. Attorneys' fees and Costs

With regard to attorney's fees, NOA alleges a right to reasonable attorneys' fees pursuant to statute and the Agreement. (Doc. No. 37, Exh B § 3(d)); (Doc. No. 37, Exh E §13); 29 U.S.C. 1132 § (g)(2)(D). Claims brought under ERISA § 515, 29 U.S.C. § 1145, provide for a mandatory award

6

of reasonable attorneys' fees.  *See* 29 U.S.C. § 1132(g)(2)(D).  *Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1400 (6th Cir. 1995) (citing *See Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376, 388 (6th Cir. 1991)).  Here, NOA has failed to present any evidence pertaining to the amount of attorneys' fees owed including the hours spent preparing this case.  As a result, NOA's counsel will have ten days (10) to supplement this motion with evidence pertaining to attorneys' fees, including a bill of costs, and Defendant shall have ten days (10) to respond.

**IV.  Conclusion**

For the aforementioned reasons, NOA's motion for summary judgment is hereby granted. (Doc. No. 37).  The Court finds that PTX must pay NOA $2,101.05 for contributions owed plus interest under 26 U.S.C. § 6621, and $420.21 in liquidated damages.  PTX is also liable in the amount of  $2,166.55 for the cost of the audit.  The Court grants NOA ten days (10) to file a motion for attorneys' fees and Defendant shall have ten days (10) to respond.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE